

FILED
OCT 26 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Michael Chavez,

    Plaintiff,

v.

FCR Investments, LLC dba Capital Realty Investments

    Defendant.

CAUSE NO. SA22CA1172FB

COMPLAINT AND JURY TRIAL DEMANDED

COMES NOW, Plaintiff, Michael Chavez ("Chavez"), and for his Complaint against Defendant FCR Investments, LLC dba Capital Realty Investments ("Capital Realty") states:

### INTRODUCTION

1. Plaintiff brings this complaint for Defendant's violations of the Telephone Consumer Protection Act (TCPA), 47 USC § 227 and section § 305.053 of the Texas Business and Commerce Code.

### PARTIES

2. Plaintiff is a natural person who, at all times relevant to this Complaint, resided in Comal County, Texas.

3. Plaintiff is a "person" as that term is defined by 47 USC § 153(39).

4. Defendant is a for-profit company and maintains its principal place of business at 85 NE Interstate 410 Loop Ste. 208 San Antonio, TX 78216

5. The Defendant can be served via its registered agent, Monte R. Barnes, at 1045 Central Parkway N Ste. 102 San Antonio, TX 78232.

6. Defendant is a "person" as that term is defined by 47 USC § 153(39).

1

7. Whenever it is alleged herein the Defendant did any act, it is meant that the Defendant performed or participated in the act or the Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of the Defendant.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## BACKGROUND REGARDING CLAIMS

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing… can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (codified at 47 U.S.C. § 227).

The TCPA Prohibits all Automated Calls to Protected Numbers

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial pre recorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." See 47 USC § 227(b)(1)(A)(iii).

2

13. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers assigned to services, for which the called party is charged, thus shifting the cost of automated or prerecorded telephone calls onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc,* 140 S. Ct. 2335,2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

14. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15. The FCC also recognizes that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16. Under the TCPA, a text message is a call. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951-52 (9th Cir. 2009).

17. The TCPA provides a private cause of action to persons who receive calls in violation of 47 USC § 227(b)(1)(A). See 47 USC § 227(b)(3)

18. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [ i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Lynn v. Monarch Recovery Mgmt., Inc.,* 953 F. Supp. 2d 612, 623 (D. Md. 2013).

19. "Non emergency prerecorded voice or autodialed calls to [ the destinations enumerated in 47 USC § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes telemarketing calls. *See* FCC Enforcement Advisory: *Tel. Consumer Prot. Act*

*Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse,* 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

<u>The National Do Not Call Registry</u>

20. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. 47 C.F.R. § 64.1200(c)(2).

21. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

22. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 USC § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The Texas Business and Commerce Code 305.053</u>

23. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

24. The Plaintiff may seek damages under this Texas law for violations of 47 U.S.C. § 227 or the regulations (47 C.F.R. § 64.1200) adopted under that provision.

## FACTUAL ALLEGATIONS

25. Defendant is a real estate investor who buys, sells, and rents out properties throughout the greater San Antonio area.

26. Defendant uses telemarketing to solicit potential customers and/or victims to sell their homes to them, or to purchase homes from them.

27. One of the strategies used by Defendant involves the use of automated calls.

4

28. Defendant sends out these call blasts *en masse* to telephone numbers throughout the United States, hoping they reach someone interested in buying or selling their property.

The Calls to Chavez

29. Plaintiff's telephone number (the "Number"), XXX-XXX-8887, is on the National Do Not Call Registry and had been continuously for at least 31 days prior to the calls.

30. Despite this, the Defendant placed telemarketing calls to Plaintiff on dates including, but not limited to: September 8th, 2022 (twice), September 12th, 2022, and September 14th, 2022.

31. On these calls, Plaintiff listened to Defendant's pitch on its real estate services and answered some basic questions in order to identify the entity responsible for these calls.

32. On September 14th 2022, the Defendant's employee Matthew Mejia emailed Plaintiff contact information thereby allowing Plaintiff to identify the party responsible.

33. On September 19th, 2022, the Defendant was notified (in writing) by the Plaintiff, at the Defendant's registered mailing address, of his desire to not receive anymore calls or text messages from Defendant.

34. However, the calls and texts continued and Plaintiff received calls and/or text messages on the dates including but not limited to: September 20th, 2022, September 21st, 2022 (thrice), September 22nd, 2022 (twice), September 26th, 2022, October 3rd, 2022, October 8th, 2022, and October 10th, 2022 (twice).

35. The Plaintiff never consented to receive such calls, which were placed to him for telemarketing purposes.

36. On the first September 8th, 2022 call, the Plaintiff answered the phone and heard a few seconds of silence or 'dead air' before the Defendant said hello.

37. The system the Defendant used to place the September 8th, 2022 call to Plaintiff was an Automatic Telephone Dialing System because it would be illogical to dial a number manually, have the Plaintiff answer it, and proceed to speak with someone after a prolonged delay.

38. It would also be illogical to dial a number other than randomly or sequentially (as from a list) when sending automated calls.

39. The communications received by Plaintiff demonstrate that they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they sought to have him sign up for real estate services. The calls therefore qualified as telemarketing. 47 C.F.R. 64.1200(f)(12).

40. Defendant made the automated call. It either physically programmed the automatic dialer to dial them or instructed others to do the same.

41. The Plaintiff never provided his consent or requested these calls.

42. Plaintiff requested a copy of Defendant's do not call policy and requested to not be called or texted anymore. To this day, Plaintiff has not received a copy of Defendant's do not call policy nor received confirmation that he was placed on Defendant's do not call list.

43. Based on this fact, it is evident that the Defendant does not maintain Do Not Call policies and procedures as required by law, nor do they maintain an internal Do Not Call list.

44. Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the automated calls and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

45. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED 47 CFR § 64.1200(d)

46. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

47. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list."

48. Defendant placed telemarketing calls to Plaintiff without implementing internal procedures for maintaining a written policy for maintaining a do-not-call list and making it available upon demand. *See* 47 C.F.R. 64.1200(d)(1).

49. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. *See* 47 U.S.C. § 227(c)(5).

50. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory or – where such violations are found willfully or knowingly violated – treble damages, as provided in 47 U.S.C. §227(c)(5).

## SECOND CAUSE OF ACTION

## DEFENDANT VIOLATED 47 CFR § 64.1200(c)

51. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

7

52. Under 47 C.F.R. § 64.1200(c), "No person or entity shall initiate any telephone solicitation to: A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government . . ." See 47 C.F.R. § 64.1200(c)(2)

53. Defendant placed telemarketing calls to Plaintiff's number. Plaintiff's number is on the National Do Not Call Registry and had been continuously for at least 31 days prior to the calls.

54. The Texas Business and Commerce Code § 305.053 provides that "A person who receives communications that violates 47 U.S.C. Section 227, a regulation adopted under that provision . . . may bring an action in this state against the person who originates the communication . . ."

55. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory or – where such violations are found willfully or intentionally violated – treble damages, as provided in The Texas Business and Commerce Code § 305.053

## THIRD CAUSE OF ACTION

## DEFENDANT VIOLATED 47 U.S.C. § 227(b)

56. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

57. The TCPA prohibits placing calls or texts using an automatic telephone dialing system or automatically generated or prerecorded voice to a telephone number assigned to a service for which the called party is charged for the call except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

8

58. Defendant placed at least 1 call to Plaintiff's telephone number using an automatic telephone dialing system.

59. The Defendant's call was not made for "emergency purposes."

60. The Defendant's call to Plaintiff's telephone was without any prior express consent.

61. The TCPA provides a private cause of action to persons who receive calls in violation of 47 USC § 227(b)(1)(A). See 47 USC § 227(b)(3)

62. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory or – where such violations are found willfully or knowingly violated – treble damages, as provided in 47 USC § 227(b)(3)

## PRAYER

**Wherefore**, Plaintiff, **Michael Chavez,** respectfully prays for judgment as follows:

   a. An award of $500 in damages for each call or – where such regulations were willfully or knowingly violated – up to $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3) for 1 (one) call.

   b. An award of $500 in damages for each call or – where such regulations were willfully or knowingly violated – up to $1,500 per call, pursuant to 47 U.S.C. § 227(c)(5) for 15 (fifteen) calls.

   c. An award of $500 in damages for each call or – where such regulations were willfully or knowingly violated – up to $1,500 per call, pursuant to Texas Business and Commerce code § 305.053 for 15 (fifteen) calls.

9

## **JURY TRIAL DEMAND**

**Please take notice** that Plaintiff, **Michael Chavez,** demands a jury trial in this case.

Dated: October 24th, 2022

*[signature]*
Michael Chavez
*Plaintiff Pro-Se*
1659 TX-46 W Ste. 115-211
New Braunfels, TX 78132
